T.C. Summary Opinion 2006-65


UNITED STATES TAX COURT


GEORGE B.N. AYITTEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20837-04S.              Filed April 26, 2006.


George B.N. Ayittey, pro se.

Scott A. Hovey, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $16,319 and a penalty under section 6662 of $2,272.20 in petitioner's 1999 Federal income tax. The issue is whether petitioner is entitled to a casualty loss deduction under section 165 in an amount greater than $9,448 allowed by respondent.[2] Petitioner resided in Lorton, Virginia, at time the petition was filed.

## Background

The facts may be summarized as follows. Petitioner is a professor of economics. In addition, he has published books and articles concerning Africa. In February, 1999, petitioner's office at the university at which he taught was destroyed by fire. Included in the destruction were items of personal property belonging to petitioner. On his 1999 Federal income tax return, petitioner claimed a casualty loss deduction for the following:

| | |
|---|---|
| Books on economics | $2,000 |
| Books by "famous authors" | 1,000 |
| Books on Africa | 5,000 |
| African journals & magazines | 3,000 |
| Book manuscript | 15,000 |
| Memorabilia (awards, plaques, etc.) | 3,000 |
| Briefcases, fans, etc. | 2,000 |
| Computer printer | 250 |
| Labor/inconvenience/distress | 2,000 |

---

[2] Petitioner concedes that he received other income of $1,000, a distribution from an individual retirement account of $24,792, income from a discharge of indebtedness of $4,696, and interest income of $36. On his 1999 Schedule A, Itemized Deductions, petitioner claimed a deduction of $21,042.98 for miscellaneous expenses. Petitioner concedes that $11,737 of those deductions are not allowable. Respondent concedes that petitioner is entitled to an additional prepayment credit of $4,958.

Some of the books were given to him, as were the items shown as memorabilia.  Petitioner did not seek any expert advice concerning the value of the items destroyed.  Petitioner has no records, receipts, or other documents concerning the cost of any of the items destroyed nor did petitioner attempt to reconstruct such cost.  Petitioner did not seek any professional advice concerning the preparation of his 1999 tax return.  Petitioner received $12,500 from the university's insurance company for the loss that he suffered from the fire.

Upon audit, respondent allowed a casualty loss deduction of $9,448 and disallowed the remainder of the deductions claimed on petitioner's return.

## Discussion

Generally, the burden of proving that respondent's determination is incorrect is on petitioner.  Section 7491(a) provides, in limited circumstances, that the burden shifts to respondent.  Petitioner does not fall within these limited circumstances and the burden of proof is on petitioner.

### Casualty Loss

Section 165(a) allows "as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise."  The general rule for determining the amount of a casualty loss, whether or not incurred in a trade or business or in a transaction for profit, is the lesser of (i) the fair market value before the casualty reduced by the fair market value after

the casualty or (ii) the adjusted basis determined under section 1.1011-1, Income Tax Regs.  Sec. 1.165-7(b)(1), Income Tax Regs. The regulation also provides

> However, if property used in a trade or business or held for the production of income is totally destroyed by casualty, and if the fair market value of such property immediately before the casualty is less than the adjusted basis of such property, the amount of the adjusted basis of such property shall be treated as the amount of the loss for purposes of section 165(a).  [Id.]

For purposes here, the adjusted basis in the property destroyed is the cost of such property.  Secs. 1011 and 1012.

The parties apparently agree that, at least as far as the majority of the items are concerned, the property destroyed was used in a trade or business or was held for the production of income and was totally destroyed.  We, therefore, are concerned, pursuant to section 1.165-7(b)(1), Income Tax Regs., with petitioner's bases or costs of the items destroyed.  Petitioner, however, has not produced any evidence as to what his bases or costs in the various items may have been.  Indeed, while they may have had value to petitioner, it is clear that the memorabilia had no costs to petitioner, and petitioner would have no bases in these items.  With respect to what petitioner describes as "Labor/Inconvenience/Distress", as we understand petitioner's testimony, the deduction was for mental upset, having to prepare new lecture notes, etc., and for teaching.  These are not items of property the losses of which are deductible as casualty losses.

Turning to the item described as a book manuscript, petitioner testified that the manuscript was the foundation for three future books. He determined that it had a fair market value of $15,000 because he had received advances from publishers for previous books. But, petitioner admitted that he had no record of the cost or expenses (apart from his time and labor) in the creation of the manuscript. In short, he has not established that he had a cost basis in the manuscript.

With regard to copies of magazines, journals, and books, again petitioner has no records concerning the costs of these items. Furthermore, petitioner admits that he would have deducted the costs of at least some of the magazines, journals, and books in prior years. We note also with respect to the other claimed deductions, including particularly the manuscript, any costs would appear to have been deducted in prior years. See, e.g., sec. 263A(h); see also Hadley v. Commissioner, 819 F.2d 359 (2d Cir. 1987).

Turning to the remainder of the items claimed as a casualty loss deduction, even if we assume that petitioner had bases or costs in the amounts claimed, petitioner collected $12,500 from insurance, and respondent allowed a casualty loss deduction of $9,448. Under these circumstances, we fail to understand how the bases or costs of these items would be deductible. We sustain respondent's determination with respect to the casualty loss deduction.

Section 6662--Penalty

Section 6662(a) provides a penalty in an amount equal to 20 percent of the portion of any underpayment attributable to, among other things, "Any substantial understatement of income tax". Sec. 6662(b)(2). A substantial understatement of income tax exists "if the amount of the understatement for the taxable year exceeds the greater of--(i) 10 percent of the tax required to be shown on the return for the taxable year, or (ii) $5,000." Sec. 6662(d)(1)(A). For purposes of section 6662(a), an understatement may be reduced if there is "substantial authority" for the position taken, or if the facts were adequately disclosed in the return and there was a "reasonable basis" for the position taken. Sec. 6662(d)(2)(B). Further, no penalty will be imposed if there was a reasonable cause for the understatement and the taxpayer acted in good faith. Sec. 6664(c). There is no substantial authority for the position taken here. The facts concerning the unreported items of income that petitioner conceded, supra note 2, were obviously not disclosed and are not subject to the section 6662(d)(2)(B) exception from the penalty. While petitioner did disclose the fact that there was a casualty loss deduction, we cannot say there was a reasonable ground for the amount of the deduction claimed as a loss. Petitioner made no attempt to ascertain the correct tax treatment of the items composing the casualty loss deduction claimed. A "reasonable" basis or reasonable cause cannot be transmuted from intentional

ignorance. We sustain respondent's determination of the section 6662(a) penalty.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>